```
                    IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PETER HOBSON,                      )
                                   )  Civil Action
               Plaintiff           )  No. 08-CV-05652
                                   )
       vs.                         )
                                   )
ST. LUKE'S HOSPITAL AND            )
   HEALTH NETWORK,                 )
                                   )
               Defendant           )

                         *    *    *

APPEARANCES:

         DONALD P. RUSSO, ESQUIRE
             On behalf of Plaintiff

         DAVID M. STECKEL, ESQUIRE and
         SCOTT C. HECKMAN, ESQUIRE
             On behalf of Defendant

                         *    *    *
```

O P I N I O N

JAMES KNOLL GARDNER,
United States District Judge

This matter is before the court on Defendant's Motion to Dismiss the Complaint, or in the Alternative, for Summary Judgment, which motion was filed December 12, 2008.[1] Plaintiff

---

[1] Accompanying defendant's motion to dismiss was a Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint, or in the Alternative, for Summary Judgment, which memorandum was filed December 12, 2008.

filed a timely response to defendant's motion.[2]  Defendant's Reply Brief was filed January 23, 2009.

For the reasons expressed below, defendant's motion to dismiss the Complaint is granted.  Plaintiff's Complaint is dismissed without prejudice for plaintiff to file a more specific Amended Complaint.  Defendant's alternative motion for summary judgment is dismissed as moot without prejudice for defendant to refile a motion for summary judgment at the close of discovery.  Finally, defendant's request for attorneys' fees and costs is denied.

## JURISDICTION

This action is before the court on federal question jurisdiction.  28 U.S.C. § 1331.  The court has supplemental jurisdiction over plaintiff's pendent state law claims.  See 28 U.S.C. § 1367.

## VENUE

Venue is proper because plaintiff alleges that the facts and circumstances giving rise to the cause of action occurred in Lehigh County, Pennsylvania, which is in this judicial district.  28 U.S.C. §§ 118, 1391.

---

[2] On December 26, 2008 plaintiff filed his response titled Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Amended Complaint or in the Alternative for Summary Judgment.

COMPLAINT

This case arises from the termination of plaintiff's employment from defendant St. Luke's Hospital and Health Network. Plaintiff contends that his employment was terminated because he was perceived by his employer as disabled, and therefore his termination for sexual harassment of a female nurse was a pretext.  Plaintiff also alleges that he was discriminated against because of his male gender.

Plaintiff filed his Complaint on December 12, 2008. The Complaint contains three counts: Count I alleges a claim for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII").  Count II alleges a claim for violation of Americans with Disabilities Act, 42 U.S.C. §§ 12101 to 12213 ("ADA").  The third count alleges that plaintiff's gender discrimination claim in Count I and disability discrimination claim in Count II each constitute a violation of the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, No. 222 §§ 1-13, as amended, 43 P.S. §§ 951-963 ("PHRA").

STANDARD OF REVIEW

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  A 12(b)(6) motion requires the court to examine the sufficiency of the complaint.  Conley v. Gibson,

355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Ordinarily, a court's review of a motion to dismiss is limited to the contents of the complaint, including any attached exhibits. See Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992).

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2). That rule requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. Twombly, 550 U.S. at 555, 127 S.Ct. at 1964, 167 L.Ed.2d at 940.

Additionally, in determining the sufficiency of a complaint, the court must accept as true all well-pled factual allegations and draw all reasonable inferences therefrom in the light most favorable to the non-moving party. Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003). Nevertheless, a court need not credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-1430 (3d Cir. 1997).

In considering whether the complaint survives a motion to dismiss, both the District Court and the Court of Appeals review whether it "contain[s] either direct or inferential

allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."  Twombly, 550 U.S. at 562, 127 S.Ct. at 1969, 167 L.Ed.2d at 944 (quoting Car Carriers, Inc. v. Ford Motor Company, 745 F.2d 1101, 1106 (7th Cir. 1984) (emphasis in original)); Haspel v. State Farm Mutual Auto Insurance Company, 241 Fed.Appx. 837, 839 (3d Cir. 2007).

## PROCEDURAL HISTORY

This action commenced on October 15, 2008 when plaintiff Peter Hobson filed a Praecipe for Writ of Summons against defendant St. Luke's Hospital and Health Network in the Court of Common Pleas of Lehigh County, Pennsylvania, as civil action number 4966 of 2008.  Defendant filed a Praecipe for Rule to File a Complaint.  A Rule to File a Complaint was issued and subsequently served upon plaintiff's counsel.

On November 5, 2008 plaintiff filed a Complaint in state court, which was subsequently served on defendant.  On December 5, 2008 defendant removed the case to the United States District Court for the Eastern District of Pennsylvania based on federal question jurisdiction.

On December 12, 2008 defendant filed Defendant's Motion to Dismiss the Complaint, or in the Alternative, for Summary Judgment, which motion is before the court for disposition.

FACTS

Accepting as true all of the well-pled facts in plaintiff's Complaint, and drawing all reasonable inferences in favor of plaintiff as the non-moving party, which I am required to do under the above standard of review, the pertinent facts are as follows.

Plaintiff Peter Hobson was employed by defendant St. Luke's Hospital and Health Network as a paramedic from March 1, 2005 until his termination on May 25, 2007 for allegations of sexual harassment of a nurse at St. Luke's Bethlehem campus.[3] Plaintiff was qualified for the position, and he always received good performance appraisals and regular salary increases. His Performance Evaluations for 2006 and 2007 were rated as excellent with no negative comments about his performance.[4]

In July 2005 plaintiff's co-workers, Emergency Room Technician Maryanne Matey and paramedic Steven Dutt told plaintiff that Nurse Cindy Stettner was interested in meeting plaintiff and wanted to know if he were available.[5] Shortly thereafter, Nurse Stettner introduced herself to plaintiff inside the hospital emergency room, told plaintiff that she drives a

---

[3] Complaint at ¶¶ 1-4, 28.

[4] Complaint ¶¶ 5-7.

[5] Complaint ¶¶ 8-11.

Mercedes Benz and was buying a home in the west end of Allentown [, Pennsylvania].[6]

Plaintiff was cordial with Ms. Stettner, but did not pursue a relationship.[7] In August 2005 Ms. Matey told plaintiff that Ms. Stettner was still interested in seeing where things could go with him.[8]

Between August 2005 and December 2005 plaintiff made no further attempts to converse with Nurse Stettner. During this time other Registered Nurses and hospital registration personnel made it difficult for plaintiff to properly perform his job duties. The lack of cooperation and hostility made it difficult for plaintiff to do his job.[9]

On March 14, 2006 plaintiff sent a bouquet of flowers to Ms. Stettner as an apology because he felt he hurt her feelings.[10]

Between May 2006 and February 2007 plaintiff had no contact with Nurse Stettner because he believed she had emotional problems. He intentionally avoided her, and applied for other

---

[6] Complaint ¶¶ 12-13.

[7] Complaint ¶ 14.

[8] Complaint ¶ 15.

[9] Complaint ¶¶ 16-18.

[10] Complaint ¶ 19.

jobs at the hospital that would take him away from the emergency room.[11]

After February 2007 plaintiff and Ms. Stettner were able to be cordial with each other.  On April 22, 2007 plaintiff left his business card on the windshield of Ms. Stettner's car in the hospital parking lot.  The note included a compliment on how Ms. Stettner was dressed that day.  She accepted the compliment and told plaintiff, "You're a very flattering person."[12]

On May 13, 2007 plaintiff tried to explain to Nurse Stettner that he never intended to hurt her feelings and was sorry if his actions caused her any hurt.  She was reluctant to listen to him at that time.  On May 20, 2007 plaintiff left a note with a blank check for Ms. Stettner.  The check was intended for her to give it to a charity.[13]

During the evening of May 20, 2007 plaintiff received a phone call from a police officer who asked plaintiff to leave the nurse alone.[14]

On May 22, 2007 plaintiff was questioned by Andrew Seidel, Connie Koch and Kermit Gorr, administrators at St. Luke's Hospital.  Following their questioning, Ms. Koch and Mr. Gorr

---

[11]   Complaint ¶ 20.

[12]   Complaint ¶¶ 21-22.

[13]   Complaint ¶¶ 23-24.

[14]   Complaint ¶ 25.

requested that plaintiff immediately resign, or face suspension with the intent to terminate.  Plaintiff refused to resign.[15]

Ms. Koch told plaintiff that he was obsessed with Ms. Stettner and accused him of having a mental disability.  Ms. Koch gave plaintiff documentation to seek assistance with the hospital's employee assistance program.[16]

After his termination on May 25, 2007 for allegations of sexual harassment, plaintiff filed an administrative claim with the Equal Employment Opportunity Commission ("EEOC") and with the Pennsylvania Human Relations Commission ("PHRC").[17]

Plaintiff signed his initial Charge of Discrimination on November 9, 2007 and sent it to the EEOC on November 9, 2007.  His request to dual-file with the PHRC was signed by plaintiff and submitted to the EEOC for dual-filing on November 9, 2007.[18]

## DISCUSSION

### Gender Discrimination

Count I of Plaintiff's Complaint asserts a claim for violation of Title VII.  Defendant contends that plaintiff has not established a prima facie case of gender discrimination.  A prima facie case would establish a presumption that the employer

---

[15] Complaint ¶ 26.

[16] Complaint ¶ 27.

[17] Complaint ¶¶ 28-29.

[18] Complaint ¶¶ 30,32.

unlawfully discriminated against the employee.  Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207, 216 (1980).  Even when considering plaintiff's allegations as true for these purposes, as I am required to do, I conclude that plaintiff has not pled enough to meet the Twombly standard.

In a Title VII gender discrimination claim, plaintiff is required to demonstrate through proper factual pleading, that he was treated less favorably than similarly situated female employees.  Gautney v. Amerigas Propane, Inc., 107 F.Supp.2d 634, 641 (E.D.Pa. 2000) (quoting Equal Employment Opportunity Commission v. Metal Service Company, 892 F.2d 341, 347 (3d Cir. 1990).  However, plaintiff fails to do this in his Complaint.

Plaintiff simply contends that "female employees were treated more fairly by the Defendant"[19] without specifying who the female employees were, what their job duties were, or how they were treated more fairly or favorably.  Without such specificity and without more specificity concerning plaintiff's job duties as a paramedic, it is impossible to determine whether the more favorably treated female employees were similarly situated to the plaintiff.

Without such specificity, it is also impossible to determine whether plaintiff's assertion that defendant's reason

---

[19]   Complaint ¶ 36.

-10-

for discharging plaintiff was "pretextual" is nothing more than a legal conclusion mimicking the Title VII standard.  Accordingly, the factual averments in Count I of plaintiff's Complaint do not satisfy the Twombly pleading standard because they are nothing more than "bald assertions".  In re Burlington Coat Factory Securities Litigation, 114 F.3d at 1429-1430.

      Moreover, because of the lack of specificity, I conclude that defendant has not been provided with sufficient notice of the claims against it.  In appropriate circumstances, the court has the discretion to direct more specific factual allegations from plaintiff.  See Thomas v. Independence Township, 463 F.3d 285, 289 (3d Cir. 2006).  This is a case where more specific factual allegations are necessary.  Therefore, rather than dismissing the Complaint, I will permit plaintiff to provide more specificity in an Amended Complaint.

### Disability Discrimination

      Count II of plaintiff's Complaint asserts a claim for violation of the Americans with Disabilities Act.  Defendant contends that plaintiff has not established a prima facie case of disability discrimination under the ADA.

      To establish a prima facie case of discrimination under the ADA, a plaintiff must demonstrate that he (1) has a "disability"; (2) is a "qualified individual"; and (3) suffered an adverse employment decision as a result of discrimination.

Turner v. Hershey Chocolate USA, 440 F.3d 604, 611 (3d Cir. 2006).  Additionally, the employer must know of both the disability and the employee's desire for accommodation for that disability.  Taylor v. Phoenixville School District, 184 F.3d 296, 313 (3d Cir. 1999).

With regard to the first element, the ADA defines a disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(2); see also Mendez v. Pilgrim's Pride Corp., 2005 WL 2175180, at *5 (E.D.Pa. August 25, 2005) (Gardner, J.).

Pertinent to this case, a disorder of the neurological system, including any mental or psychological disorder, qualifies as an impairment.  29 C.F.R. § 1630.2(h)(1)-(2).  For example, bi-polar disorder and depression are recognized impairments under the ADA.  See McGee v. Proctor and Gamble Distributing Co., 445 F.Supp.2d 481, 488 (E.D.Pa. 2006); Taylor v. Phoenixville School District, 113 F.Supp.2d 770, 773 (E.D.Pa. 2000).

To meet the standard for a perceived disability, a plaintiff must show that: "(1) despite having no impairment at all, the employer erroneously believes that the plaintiff has an impairment that substantially limits major life activities; or (2) the plaintiff has a nonlimiting impairment that the employer

mistakenly believes limits major life activities." <u>Tice v. Centre Area Transportation Authority</u>, 247 F.3d 506, 514 (3d Cir. 2001).

In his Complaint, plaintiff avers the following concerning a perceived disability: Connie Koch, the Nurse Supervisor in charge of the Emergency Room and an administrator at defendant hospital[20] told plaintiff that he was obsessed with Nurse Cindy Stettner and accused him of having a mental disability. Ms. Koch gave plaintiff documentation to seek counseling assistance with the hospital's employee assistance program.[21] Plaintiff believes he was perceived as being disabled by his employer.[22] He believes that Ms. Koch had implied that he was mentally ill when she made the comment that he was obsessed with Ms. Stettner.[23]

While this portion of plaintiff's Complaint concerning disability discrimination contains more detail than plaintiff's gender discrimination allegations, inconsistencies on certain points, and lack of clarity on another, require clarification and more specificity in an Amended Complaint.

---

[20] Complaint ¶¶ 26, 42.

[21] Complaint ¶¶ 27, 42, 43.

[22] Complaint ¶ 41.

[23] Complaint ¶ 44.

Plaintiff argues that he was accused of being obsessed with a female nurse. However, an obsession is not specifically listed under the ADA as an impairment. 29 C.F.R. § 1630.2(h). Furthermore, "'poor judgment, irresponsible behavior and poor impulse control' do not amount to a mental condition that Congress intended to be considered an impairment which substantially limits a major life activity...." Therefore, a person perceived as having those traits is not considered disabled under the ADA. Daley v. Koch, 892 F.2d 212, 215 (2d Cir. 1989).

Here, plaintiff's Complaint is inconsistent. In paragraph 27 plaintiff claims that his supervisor told him he was "obsessed" with the female nurse and "accused" him of having a mental disability. In contrast, in paragraph 44 the same supervisor is said to have "implied" that plaintiff had a mental disability because of his obsession with the female nurse. While being accused of a mental disability could be enough to demonstrate that plaintiff was regarded as disabled by his employer, an implication by an employer may not be enough.

However, in both instances plaintiff does state that his supervisor gave him information regarding counseling. The United States Court of Appeals for the Third Circuit has ruled that a request for a mental examination for an employee who has recently displayed strange behavior, though, does not rise to the

level of "regarded as" disabled by the employer.  <u>Tice</u>, 247 F.3d at 515 (citing <u>Cody v. CIGNA Healthcare of St. Louis, Inc.</u>, 139 F.3d 595, 599 (8th Cir. 1998).  The same logic should apply for a suggestion to seek counseling help.

"Major life activities" include working.  29 C.F.R. § 1630.2(I).  Courts have also included thinking as a major life activity.  <u>Taylor</u>, 184 F.3d at 307.  Furthermore, an activity is considered major when it is considered significant to most people's daily lives and can be performed with ease by the average person.  <u>Toyota Motor Manufacturing, Kentucky, Inc. v. Williams</u>, 534 U.S. 184, 187, 122 S.Ct. 681, 686, 151 L.Ed.2d 615, 624 (2002).

Concerning the major life activity of working, "[t]he term [']substantially limits['] means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities."  29 C.F.R. § 1630.2(j)(3)(I); <u>see also</u> <u>Mendez</u>, 2005 WL 2175180, at *5.  Based on plaintiff's Complaint, I can reasonably infer that he is claiming that working was the life activity that he was perceived to be incapable of performing.  However, plaintiff has not made this clear.

Because of this inconsistent pleading and lack of clarity, I cannot determine whether plaintiff has satisfied the

-15-

Twombly pleading standard. Therefore, I permit plaintiff to replead Count II in an Amended Complaint in accordance with the standard set forth, and the discussion, above.

### State Claim

As noted above, Count III of plaintiff's Complaint alleges that plaintiff's gender discrimination claim in Count I, and disability claim in Count II, each constitute a violation of the Pennsylvania Human Relations Act. Because the same general standards and analysis applicable to PHRA claims are applicable to Title VII and ADA claims, plaintiff is permitted to replead these state PHRA claims with his federal claims in Count III of an Amended Complaint. Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 382 (3d Cir. 2002).

### Summary Judgment

Because I have granted defendant's motion to dismiss Counts I, II and III with leave for plaintiff to replead them in an Amended Complaint, I dismiss defendant's alternative motion for summary judgment as moot, without prejudice for defendant to refile a motion for summary judgment at the close of discovery.

### Attorneys' Fees and Costs

Because plaintiff had pled enough for me to believe that he may be able to state a claim upon which relief could be granted in a repleaded Amended Complaint, I decline to award attorneys' fees and costs.

CONCLUSION

For all the foregoing reasons, I granted defendant's motion to dismiss, dismissed plaintiff's Complaint without prejudice for plaintiff to file a more specific Amended Complaint, dismissed as moot defendant's alternative motion for summary judgment without prejudice for defendant to refile a motion for summary judgment at the close of discovery, and denied defendant's request for attorneys' fees and costs.